*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF SOUTH HAVEN,

        Plaintiff-Appellee,

v

JOE ASHEN,

        Defendant,

and

DAVID ASHEN,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2025
2:27 PM

No. 369827
Van Buren Circuit Court
LC No. 2023-072922-AW

Before: M. J. KELLY, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant, David Ashen, appeals as of right the entry of a default judgment against him. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises from the efforts of plaintiff, the City of South Haven, to enforce its blight ordinances against defendants Joe Ashen and David Ashen.[1] Specifically, in May 2023, the City filed an action seeking to have conditions on the property owned by Joe Ashen and occupied by David Ashen declared a nuisance per se. The City further requested an injunction prohibiting defendants from adding to or increasing the blight and directing that they remedy the existing blight conditions. In response, David Ashen submitted numerous documents—some typewritten and some handwritten—challenging the City's action. Joe Ashen, however, entered into a consent judgment with the City in which he agreed that the "blight conditions" on the property were a nuisance per se and a nuisance in fact. He further agreed to entry of a permanent injunction

---

[1] Defendants are brothers.

-1-

prohibiting the accumulation of additional "rubbish, junk and unusual motor vehicles and other unsightly, unsafe conditions on the property" and requiring him to maintain his property in compliance with" the City's blight ordinances. Finally, the consent judgment stated that David Ashen was trespassing and that he was barred from entering the property.

David Ashen responded by filing a handwritten note suggesting that he had a claim for adverse possession against Joe Ashen. He also filed a motion to set aside the consent judgment, arguing that he had not received notice of the hearing on that matter. At the same time, he filed a motion to disqualify the circuit court judge. Finally, in an "addendum" to his counter complaint, he asserted that he had satisfied all the requirements for an adverse possession claim, and he indicated that a code-violation scheme was concocted after a fire occurred on the property so that he would be removed from the property.[2]

Thereafter, the City filed a motion to strike David Ashen's pleadings and motions because they did not conform to the Michigan Court Rules. David Ashen then filed a document titled "Amended pleadings". In that document, he stated that (1) a code violation was issued on May 16, 2023, (2) that the code-violation letter contained false statements regarding a prior infraction, (3) that he had explained to the code-enforcement officer that "[a] new fence was erected that had burned down" and that "a great deal" of the "burned debris" had been taken to the "dump;" (4) that a hearing was scheduled before a probate judge but was not listed on the register of actions; (5) that he received no notice of the hearing, (6) that the hearing resulted in a consent judgment between the City and Joe Ashen that was signed by the circuit court judge, and (7) that Joe Ashen did not receive proper notice of the code violation. David Ashen further requested that the circuit court judge be recused, that there be a change of venue, and that he be given time to obtain a lawyer.

Subsequently, at a motion hearing, the trial court held that David Ashen's pleadings and motions did not conform to the court rules, but it gave him 14 days to amend the pleadings. On November 8, 2023, David Ashen filed a document titled "Amended pleadings" that was identical to the "amended pleadings" that he had filed in August 2023. Then, on December 19, 2023, David Ashen filed a motion to "bring in title imperfection." In that document, he stated that he had been advised by a lawyer that the blight action was the "correct forum" to resolve his adverse-possession claim against Joe Ashen and he submitted exhibits relevant to that issue. The trial court denied his motion because it was not relevant to the blight action.

In the meantime, the City filed a motion seeking entry of a default judgment against David Ashen based upon his failure to properly plead or defend the action as required by the Michigan Court Rules. David Ashen responded by filing a document stating that he had not received notice of the City's motion; that no default judgment had been entered against him; that the action against him was the consent judgment, not the City's complaint; and that the "blight situation was being addressed." Following a hearing on the motion, the trial court granted the motion for default because "David Ashen failed to file proper pleadings." A default judgment was entered against

---

[2] It appears that David Ashen has filed a claim for adverse possession against Joe Ashen in a separate action.

David Ashen on January 30, 2024. David Ashen moved for reconsideration, asking that the default be set aside because he had timely filed "amended pleadings" in August 2023 and because no scheduling order had been entered.[3] The court denied the motion. David Ashen then filed a motion to set aside the default, stating that his papers were "entered on time." The court denied that motion. This appeal follows.

## II. ANALYSIS

In his question presented, David Ashen asserts that the trial court erred by approving the consent decree entered into between the City and Joe Ashen. He asserts that the motion to set aside the consent decree was "not honored" even though all parties to a consent judgment must be notified of the consent judgment. The parties to the consent decree were the City and Joe Ashen. Indeed, the entry of the consent decree did nothing to resolve the dispute between the City and Joe Ashen. Although David Ashen appears to suggest that he was a party to the consent decree, he cites no legal authority in support of his position. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Because David Ashen has provided no legal support for his claimed error, it has been abandoned on appeal. Even if the issue were not abandoned, however, David Ashen would not be entitled to relief. The motion to set aside the consent decree was stricken by the trial court because it did not conform to the Michigan Court Rules. David Ashen does not challenge the court's decision to strike the motion. Thus, the trial court could not err by denying the motion to set aside the consent decree because there was no properly filed motion to do so and because the trial court struck David Ashen's non-conforming motion.

David Ashen also asserts in his question presented that the trial court erred by entering the default judgment against him. He suggests that error is premised upon a lack of due process arising from the trial court preventing the code enforcer from testifying in open court. Again, he offers no legal support for his position. Accordingly, it has been abandoned on appeal. See *id*. Regardless, his claim is without merit. The trial entered the default judgment based upon David Ashen's failure to file pleadings in conformance with the Michigan Court Rules. Although the court gave him 14 days in which to file amended pleadings in the proper form, David Ashen did not do so. Instead, he waited months to file his "amended pleadings." On appeal, David Ashen does not challenge the court's finding that his pleadings were non-conforming, nor does he challenge the court's decision to strike his non-conforming pleadings. Accordingly, given that no proper pleadings or motions were filed by David Ashen in response to the City's complaint, entry of the default judgment was not improper. See MCR 2.603.

---

[3] We note that the trial court's order striking David Ashen's pleadings and giving him 14 days to amend was dated September 7, 2023. Thus, the "amended pleadings" filed in August were stricken from the record. Moreover, David Ashen did not file additional amended pleadings until November 8, 2023, which was after the 14-day period within which David Ashen was permitted to amend his pleadings. Thus, the record clearly reflects that, after David Ashen's pleadings were stricken, he did not file any timely amended pleadings.

Affirmed.  No taxable costs are awarded.  MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ Michelle M. Rick